UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN WARREN and ADAM SALGADO,

                Plaintiffs,

-against-

ROBERT COX; TALK OF THE SOUND; and WORDS IN EDGEWISE,

                Defendants.

25-CV-6384 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On September 17, 2025, the Court docketed a letter it had received by email from Defendant Robert Cox asking the Court to quash service of process. ECF No. 13. The Court directed Plaintiffs to respond by October 7, 2025, and Plaintiffs timely opposed the motion on October 7. ECF No. 14. The next day, the Court denied Defendant Cox's motion to quash service. ECF No. 15 ("Order").

The Court then instructed the parties to file a joint letter and proposed Civil Case Management Plan and Scheduling Order in advance of an initial pretrial conference. *Id.* However, after Defendants failed to respond to the Complaint, on October 24, 2025, Plaintiffs filed a proposed Clerk's Certificate of Default. ECF Nos. 18, 19. And on October 28, 2025, the Clerk of Court issued a Certificate of Default against all three Defendants. ECF No. 21. That same day, citing the Certificate of Default and "in light of Defendants' non-appearance in this matter," the Court canceled the previously scheduled initial pretrial conference. ECF No. 21.

Now, Defendant Cox moves to vacate the Court's Order denying his motion to quash.[1] ECF No. 22 ("Mot."). Most saliently, he argues that the Court should vacate its Order under Fed. R. Civ. P. 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," or under Fed. R. Civ. P. 60(b)(6) for "any other reason that justifies relief," because he was not served with Plaintiff's opposition prior to the Court's decision denying his motion. Mot. at 2–3. As such, he was not given an opportunity to respond to Plaintiff's opposition. *Id.* Plaintiffs counter that the Court should deny Defendant's latest motion because (1) he remains in default and therefore lacks standing to seek affirmative relief and (2) in the alternative, his motion to vacate should be construed as a motion for reconsideration that is both untimely and unjustified. ECF No. 23.

Given that the "Second Circuit Court of Appeals has expressed a preference for resolving disputes on the merits," *Kenyatta v. Combs*, No. 24-CV-6923 (JGK), 2024 WL 4859028, at *2 (S.D.N.Y. Nov. 21, 2024) (citing *New York v. Green*, 420 F.3d 99 (2d Cir. 2005)), and "once the entry of default is made, the party in default cannot answer or otherwise contest liability," Fed. R. Civ. P. 55, Rules and Commentary § 55:8, Defendant Cox would first need to move to vacate entry of default under Rule 55(c). The Court will permit Defendant Cox to file such a motion by **December 12, 2025**. If that motion is granted, the Court will then permit Mr. Cox, given his *pro se* status, an opportunity to move to reconsider the Court's prior Order regarding service.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

Dated: November 21, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

---

[1] The docket entry for Defendant's motion is dated November 4, 2025, but Defendant's letter is dated November 3, 2025. Though the Court does not reach Plaintiffs' timeliness arguments, it considers the motion filed as of November 3, 2025.