UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN WARREN and ADAM SALGADO,

                   Plaintiffs,

-against-

ROBERT COX, TALK OF THE SOUND, and
WORDS IN EDGEWISE,

                   Defendants.

25-CV-6384 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Defendant Robert Cox's ("Cox") motion to vacate the entry of default judgment under Federal Rule of Civil Procedure 55(c). *See* ECF No. 26. For the reasons set forth below, Defendant Cox's motion is GRANTED.

## BACKGROUND

Plaintiffs Dawn Warren, Corporation Counsel of the City of New Rochelle, and Adam Salgado, New Rochelle's Commissioner of Development (collectively, "Plaintiffs"), brought this action to "halt and redress" what they allege is "an online smear campaign" against them orchestrated by Defendant Cox. ECF No. 1 ("Compl.") ¶ 1. Cox, Plaintiffs contend, has published more than 30 articles on his self-run websites, Talk of the Sound and Words in Edgewise, "falsely brand[ing] Plaintiffs as drug-abusing, corrupt public officials due to their refusal to surrender privileged, exempt, or nonexistent City Hall records to him." *Id.*

Plaintiffs filed this case on August 4, 2025. ECF No. 1. On August 11, 2025, Plaintiffs' counsel filed Proof of Service on the docket, noting that, three days earlier, Defendants Cox, Talk of the Sound, and Words in Edgewise were properly served "in accordance with F.R.C.P 4(f)(1)

and Article 10 of the Hague Service Convention, via signed registered mail with proof of delivery and signature." ECF No. 9 ¶ 2.

Just over one month later, on September 17, 2025, the Court docketed a letter it had received by email from Defendant Cox asking the Court to quash service of process. ECF No. 13. The Court directed Plaintiffs to respond by October 7, 2025, and Plaintiffs timely opposed Cox's motion on October 7. ECF No. 14. The next day, the Court denied Defendant Cox's motion to quash service. ECF No. 15 ("Order"). The Court then instructed the parties to file a joint letter and proposed Civil Case Management Plan and Scheduling Order in advance of an initial pretrial conference. *Id.* However, after Defendants failed to respond to the Complaint, on October 24, 2025, Plaintiffs filed a proposed Clerk's Certificate of Default. ECF Nos. 18, 19. And on October 28, 2025, the Clerk of Court issued a Certificate of Default against all three Defendants. ECF No. 21. That same day, citing the Certificate of Default and "in light of Defendants' non-appearance in this matter," the Court canceled the previously scheduled initial pretrial conference. ECF No. 21.

Defendant Cox then moved to vacate the Court's Order denying his motion to quash service. ECF No. 22. Plaintiffs opposed the motion. ECF No. 23. The Court, underscoring the Second Circuit's "preference for resolving disputes on the merits," *Kenyatta v. Combs*, No. 24-CV-6923 (JGK), 2024 WL 4859028, at *2 (S.D.N.Y. Nov. 21, 2024) (citing *New York v. Green*, 420 F.3d 99 (2d Cir. 2005)), explained that for the Court to reconsider its initial Order, Cox would first have to move to vacate the entry of default against him and his co-Defendants. ECF No. 24 at 2. If the Court granted that motion, the Court continued, Cox would then have an opportunity to move to reconsider its service Order. *Id.*

2

Now before the Court is Cox's motion to set aside the entry of default against all Defendants under Federal Rule of Civil Procedure 55(c). ECF No. 26 ("Defs' Mot."). Plaintiffs oppose the motion. ECF No. 27 ("Opp.").

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether a defendant has demonstrated "good cause" to vacate an entry of default under Rule 55(c), "a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted." *Gadre v. Hexanika, Inc.*, No. 21-CV-11221 (JPO), 2023 WL 2569882, at *2 (S.D.N.Y. Mar. 20, 2023) (citing *W.B. David & Co. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013)). "It is well established that default judgments are disfavored" and that the Second Circuit has expressed a "clear preference [] for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Accordingly, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Although the decision to enter a default judgment remains within "the sound discretion of the district court," *id.*, that "discretion has been characterized as circumscribed, as defaults are generally disfavored and are reserved for rare occasions." *Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196 (KMK), 2022 WL 1266209, at *3 (S.D.N.Y. Apr. 28, 2022) (cleaned up). This is particularly so "when the defaulting party is appearing *pro se*." *Enron Oil Corp. v. Diakuhara*, 10

F.3d 90, 96 (2d Cir. 1993) ("[C]oncerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se").

## DISCUSSION

As described in more detail below, the default by Defendants was not willful, and there is no prejudice to Plaintiffs in setting aside default. Further, it is unclear whether Defendants Talk of the Sound and Words in Edgewise are corporations that cannot proceed before the Court without counsel. Accordingly, the Court sets aside default against all Defendants.

### I.   Defendants' Default Was Not Willful

The Second Circuit interprets willfulness, "in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). "Default may be considered 'willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.'" *Gadre*, 2023 WL 2569882, at *2 (quoting *McNulty*, 137 F.3d at 738). "Even gross negligence does not lead to a finding of willfulness." *Fischer v. Forrest*, No. 14-CV-1307 (PAE), 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2014).

Defendant Cox, on behalf of all Defendants, states that their default "resulted from notice deficiencies, not intentional disregard." Defs' Mot. at 3. He explains that their failure to respond occurred largely because they never received "[s]everal critical filings," including those telegraphing a potential default. *Id.* Once Cox's mailing address appeared on the docket, however, he engaged with this case as directed. *See* ECF Nos. 25 (directing Cox to file the instant motion), 26 (filing the motion on time). Although Plaintiffs raise strong arguments highlighting Defendants' awareness of numerous key filings, as well as Cox's familiarity with

4

litigation in this District, the Court concludes that Defendants' failure to respond was the result of negligence and their default does not appear to have been willful. *See* Fed. R. Civ. P. 11.

## II. Defendants' Defenses Are Unlikely to Constitute a Complete Defense

A meritorious defense is one that, "if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 96. Defendants offer a handful of vague, conclusory defenses here: They gesture at the First Amendment and anti-SLAPP statutes, hint at personal jurisdiction problems, and echo the conclusions of their earlier service arguments. *See* Defs.' Mot. at 4. These conclusory arguments are, at this stage, unconvincing; Defendants have not demonstrated the potential for a completely meritorious defense. That they have failed to do so, however, does not require an entry of default judgment. *See Gadre*, 2023 WL 2569882 at *3–4 (rejecting entry of default judgment without presentation of a meritorious defense in light of "the Second Circuit's admonishment, stated time and time again, that the preferred approach is the resolution of disputes on their merits."). As such, this factor alone does not require entry of default.

## III. Setting Aside the Entry of Default Will Not Prejudice Plaintiffs

"Because relief from a default entry . . . essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the nondefaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2699 (4th ed. 2023)). It is well established in the Second Circuit that "delay alone is not a sufficient

5

basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, there must be a showing that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal quotation marks omitted).

 Here, Plaintiffs' assertion of prejudice is that denying default judgment will continue to "stall[] the case and cause[] real-world harm." Opp. at 13. Because this case "is a defamation action alleging false accusations of drug use, intoxication on duty, and sexual impropriety," Plaintiffs argue that any further delay "prolongs the reputational and professional injury Plaintiffs are seeking to remedy" and impedes any potential injunctive relief. *Id.* That Cox resides abroad further complicates Plaintiffs' ability to "secure effective relief" should the Court grant vacatur, they argue. *Id.* at 13.

 Plaintiffs cite only one case, *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983), to support their contention that "an impaired ability to obtain effective relief" is sufficient to establish prejudice. Opp. at 13. But in *Davis*, the Second Circuit *reversed* a district court's denial of a motion to vacate a default judgment, found that plaintiffs would not be prejudiced if the judgment were vacated, and cautioned that the "extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." 713 F.2d at 916–17 (internal citation and quotation marks omitted). In that case, in fact, the Second Circuit stressed that in order to find prejudice, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* at 916 (internal citation and quotation marks omitted); *see Prestige Capital Corp. v. Fuber LLC*, No. 16-CV-9577 (DAB), 2017 WL 2558803, at *4 (S.D.N.Y. June 5, 2017) (similarly finding no significant prejudice to plaintiffs where they do not make an argument that setting aside default

6

would "result in the loss of evidence, add difficulty to discovery, or provide opportunities for fraud or collusion").

Because Plaintiff does not show that delay will result in the loss of evidence, create increased discovery difficulties, or provide greater opportunity for fraud, setting aside the entry of default will not prejudice Plaintiffs. Therefore, this factor weighs in favor of setting aside the default.

### IV.  The Court Applies This Decision to All Defendants

Irrespective of the above factors, Plaintiffs also maintain that Defendants Talk of the Sound and Words in Edgewise must remain in default because, as corporate entities, they cannot be represented by Defendant Cox. Opp. at 13–14.

Corporate entities may appear in federal court only through counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (collecting cases); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir.1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."). The same is true of "a limited liability company, including a sole-member or solely owned limited liability company." *Russ v. Nike, Inc.*, No. 25-CV-2812 (DEH), 2025 WL 1570045, at *1 (S.D.N.Y. June 3, 2025). However, courts in this District are divided on whether a sole proprietorship may proceed *pro se*. *Compare Maersk Line A/S v. Carew*, 588 F. Supp. 3d 493, 497 n.1 (S.D.N.Y. 2022) (allowing a sole proprietorship to proceed without counsel "because a sole proprietorship and its owner are the same legal entity") *with Omega Consulting v. Farrington Mfg. Co.*, 604 F. Supp. 2d 684, 685 (S.D.N.Y. 2009) ("If a party wishes to take advantage of the benefits of the corporate form, he or she must also assume its concomitant burdens."); *see also Diagne v. Hapag Lloyd's AG Atlanta*, No. 24-CV-9696 (LTS), 2026 WL

42467, at *2 (S.D.N.Y. Jan. 6, 2026) (quoting *Lattanzio*, 481 F.3d at 140) (explaining that "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner").

The Court does not know the corporate structure, if any, of Talk of the Sound or Words in Edgewise. But the two entities bear the markings of sole proprietorships. In their Complaint, Plaintiffs explain that "Defendant Cox is – and at all relevant times was – the sole owner, publisher, and content creator for Talk of the Sound." Compl. ¶ 8. Plaintiffs similarly underscore that "Words in Edgewise is owned, operated, and written exclusively by Cox." *Id.* ¶ 9. Words in Edgewise also has no unique URL; it is published as a part of Cox's personal website. *Id.* (noting that Words in Edgewise is "located at www.robertcox.ie").

Accordingly, without information to demonstrate that Talk of the Sound or Words in Edgewise is a corporation that cannot proceed *pro se*, the Court extends this ruling to all Defendants. Defendant Cox is directed, however, to file information on the docket demonstrating each publication's corporate structure. Should the Court find that Talk of the Sound or Words in Edgewise cannot proceed *pro se* because of their structure, and should those entities fail to retain new counsel and enter an appearance, default judgment may be entered against them. *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192, 194 (2d Cir. 2006).

## CONCLUSION

Based on the foregoing, Defendant's motion to vacate default judgement is **GRANTED**. The entry of default (ECF No. 20) is set aside with respect to all Defendants. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.

9

Defendant Cox shall (1) file information on the docket demonstrating the corporate structure of Defendants Talk of the Sound and Words in Edgewise, and (2) move the Court to reconsider its Order denying his motion to quash service. Each must be filed within 21 days after the date of this Order.

Dated: February 12, 2026
       White Plains, New York

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge