UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN WARREN and ADAM SALGADO,
Plaintiffs,

-against-

ROBERT COX, TALK OF THE SOUND, and WORDS IN EDGEWISE,
Defendants.

25-CV-6384 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On October 8, 2025, the Court denied Defendant Robert Cox's motion to quash service. Now before the Court is Defendant Cox's motion to reconsider that order. For the reasons stated below, the Court denies Cox's motion for reconsideration.

## BACKGROUND

On August 4, 2025, Plaintiffs Dawn Warren and Adam Salgado (collectively, "Plaintiffs") brought this action to "halt and redress" what they allege is "an online smear campaign" against them orchestrated by Defendant Robert Cox ("Cox"). ECF No. 1 ("Compl.") ¶ 1. One week later, on August 11, 2025, Plaintiffs' counsel filed a Proof of Service on the docket, noting that, on August 8, Defendants Cox, Talk of the Sound, and Words in Edgewise were properly served the Complaint, summonses, and civil cover sheet (the "Initiating Documents") "in accordance with F.R.C.P 4(f)(1) and Article 10 of the Hague Service Convention, via signed registered mail with proof of delivery and signature." ECF No. 9 ¶ 1–2; *see also* ECF No. 14-1 ("Cilento Decl.") ¶ 2, ECF 14-2 (FedEx Transaction Record). Plaintiffs' counsel attached an exhibit from FedEx which demonstrated that, on August 8, 2025, FedEx International Priority Express delivered a package

that was signed for by "R.ROBERT." ECF No. 9 at 3. However, the FedEx proof-of-delivery form also explained that "no signature is currently available for this shipment." *Id.*

Defendant Cox then filed a motion to quash service of process, arguing that service was invalid pursuant to Federal Rule of Civil Procedure 4(f) because, *inter alia*, FedEx was not a permissible postal channel under Article 10(a) of the Hague Service Convention and because Cox did not sign for or personally receive the documents. *See* ECF No. 13. In his motion, Cox underscored that the FedEx package "was delivered to a family member" at his residence in Ireland. *Id.* at 5; *see also id.* at 2 ("On August 9, 2025, a family member received a FedEx package at my residence in Ireland."). He subsequently acknowledged that his wife was the person who received the FedEx package at their residence. ECF No. 34, Ex. A ("Cox Decl.") ¶¶ 5–8. The Court docketed Cox's *pro se* motion on September 17, 2025, and directed Plaintiffs to respond by October 7, 2025. ECF No. 13.

Plaintiffs timely opposed the motion. ECF No. 14. They responded that service was proper under Rule 4(f) and complied with Article 10(a) of the Hague Convention, that Ireland had not objected to service by postal channels, and that courts in this Circuit consistently recognize that service by private couriers—including, specifically, by FedEx—is permissible under the Hague Convention. *See id.* Plaintiffs also argued that "Defendant's suggestion that the package had to be delivered to him personally is . . . mistaken and unsupported by caselaw." *Id.* at 6.

The next day, the Court denied Defendant Cox's motion to quash service. ECF No. 15 ("Order"). The Court then instructed the parties to file a joint letter and proposed Civil Case Management Plan and Scheduling Order in advance of an initial pretrial conference. *Id.* However, after Defendants failed to respond to the Complaint, on October 24, 2025, Plaintiffs

filed a proposed Clerk's Certificate of Default. ECF Nos. 18–19. And on October 28, 2025, the Clerk of Court issued a Certificate of Default against all three Defendants. ECF No. 20. That same day, citing the Certificate of Default and "in light of Defendants' non-appearance in this matter," the Court canceled the previously scheduled initial pretrial conference. ECF No. 21.

Defendant Cox then moved to vacate the Court's Order denying his motion to quash service. ECF No. 22. Plaintiffs opposed the motion. ECF No. 23. The Court, underscoring the Second Circuit's "preference for resolving disputes on the merits," *Kenyatta v. Combs*, No. 24-CV-6923 (JGK), 2024 WL 4859028, at *2 (S.D.N.Y. Nov. 21, 2024) (citing *New York v. Green*, 420 F.3d 99 (2d Cir. 2005)), explained that for the Court to reconsider its initial Order, Cox would first have to move to vacate the entry of default against him and his co-Defendants. ECF No. 24 at 2.

On January 20, 2026, Cox did just that—and on February 12, 2026, the Court granted his motion to vacate the entry of default judgment. ECF Nos. 26, 31. Now, Cox brings a Motion for Reconsideration, asking the Court to reconsider its initial Order denying his motion to quash service. ECF No. 34 ("Mot."). Plaintiffs timely opposed the motion. ECF No. 35 ("Opp."). Having reviewed the parties' submissions, the Court DENIES Defendant Cox's Motion for Reconsideration.

## LEGAL STANDARD

S.D.N.Y. Local Rule 6.3 requires that any motion for reconsideration be based upon "the matters or controlling decisions which the moving party believes the court has overlooked." The rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (internal citation omitted). In

other words, a motion for reconsideration will be denied unless the moving party can point to data "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citation omitted). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Robbins v. H.H. Brown Shoe Co.*, No. 08-CV-6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 27, 2009) (citing *Colodney v. Continuum Health Partners, Inc.*, No. 03-CV-7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)).

## DISCUSSION

The following discussion proceeds in two parts. First, the Court again concludes that service was proper pursuant to Rule 4(f) and the Hague Convention. Second, it finds that Cox's remaining arguments—regarding other court filings and requesting further clarification—are irrelevant to this ruling.

### I. Service Was Proper Under Rule 4(f) and the Hague Convention

Cox largely argues that service was improper—and that the Court should therefore reconsider its previous Order—because he was not present when the Initiating Documents were delivered to his residence in Ireland and because he did not sign for them. *See* Mot. at 2 ("Defendant was not present when the delivery occurred and did not sign any delivery receipt.").

As Plaintiffs properly point out, however, these facts are hardly "a revelation." Opp. at 5. That FedEx's proof-of-delivery record states that "no signature is currently available for this shipment" was well known to the Court when it decided Cox's original motion: that clarification "appears on the very same FedEx proof-of-delivery document that Plaintiffs filed as part of their Proof of Service at ECF 9 on August 11, 2025" and appears once again "as Exhibit B to the Cilento Declaration in support of Plaintiffs' opposition to the motion to quash." *Id.* (citing ECF

Nos. 9 at 3, 14-3). "Both filings were on the docket and before the Court when it denied Cox's motion on October 8, 2025." *Id.* Seeing as a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," there is no reason for the Court to reconsider its Order based on this information. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Even if this information did provide a basis to reconsider the Court's Order, though, Cox's argument still fails: service was proper pursuant to Rule 4(f) and the Hague Convention. Rule 4(f) of the Federal Rules of Civil Procedure governs service upon individuals located in foreign countries. Fed. R. Civ. P. 4(f); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012). Under Rule 4(f)(1), "service may be effected upon individuals in foreign countries by . . . 'any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [(the "Hague Convention")].'" *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 265 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 4(f)(1)) (cleaned up). Cox concedes as much in his original motion. ECF No. 13 at 2.

The Hague Convention, for its part, "provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005) (citing Hague Convention, Arts. 5, 6, 8, 9 & 10). Pursuant to this third method—service by mail if the receiving state does not object—Article 10(a) of the Hague Convention "authorizes the use of 'postal channels' to effectuate service on an international litigant under the clear precedent of this

Circuit.'" *Bandari v. QED Connect, Inc.*, No. 24-CV-2967 (JHR) (GS), 2024 WL 5715889, at *1 (S.D.N.Y. Oct. 2, 2024) (quoting *Zamora v. JP Morgan Chase Bank, N.A.*, No. 14 Civ. 5344 (WHP) (SN), 2017 WL 2954680, at *3 (S.D.N.Y. June 21, 2017), *report and recommendation adopted*, 2017 WL 2937683 (S.D.N.Y. July 10, 2017) (cleaned up).

Although some courts within this Circuit have found otherwise, *see Commodity Futures Trading Comm'n v. Mikkelsen*, No. 20-CV-3833 (JPC), 2021 WL 4207050, at *2 (S.D.N.Y. Aug. 27, 2021), *In re Coudert Bros. LLP*, No. 16-CV-8237 (KMK), 2017 WL 1944162, at *8 (S.D.N.Y. May 10, 2017), a "larger number of courts within the Second Circuit [have] adopted the position that Article 10(a) authorizes the 'service of process' . . . by mail," *Zhang v. Lo*, No. 14-CV-6945 (CM), 2020 WL 2133163, at *7 (S.D.N.Y. May 5, 2020) (collecting cases); *see id.* at *5 (explaining that "in this Circuit it is fairly well settled that Article 10(a) authorizes service of process by mail where no objection thereto has been interposed").

The State Department's interpretation of the Convention likewise supports this conclusion: "When President Johnson transmitted the Convention to the Senate for its advice and consent, he included a report by Secretary of State Dean Rusk," which "stated that 'Article 10 permits direct service by mail . . . unless [the receiving] state objects to such service.'" *Water Splash, Inc. v. Menon*, 581 U.S. 271, 281 (2017) (quoting Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: Message From the President of the United States, S. Exec. Doc. C, 90th Cong., 1st Sess., 5 (1967)). Courts give "great weight to the Executive Branch's interpretation of a treaty." *Id.* (quoting *Abbott v. Abbott*, 560 U.S. 1, 15 (2010)) (cleaned up).

Ireland is a Hague Convention signatory and does not object to Article 10(a). *Status Table: Hague Convention*, available at https://www.hcch net/en/instruments/conventions/status-

table/?cid=17 (last updated Mar. 21, 2024); *Warren v. eBay, Inc.*, No. 22-CV-3524 (PGG), 2022 WL 2191752, at *2 (S.D.N.Y. June 17, 2022) (citation omitted). Although Ireland does object to Article 10(b) and Article 10(c), "a country's having objected to the particular alternative forms of service that are enumerated in Article 10, without that country's having objected to other forms of service as well, is an insufficient basis for finding that those other forms of service are improper." *Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*, 808 F. Supp. 3d 642, 655 (S.D.N.Y. 2025) (collecting cases); *Ireland Declaration/Reservation/Notification*, available at: https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=404&disp=resdn. Service was thus proper under Rule 4(f)(1) and Article 10(a) of the Hague Convention.

Contrary to Cox's argument, that Plaintiffs sent the Initiating Documents via FedEx does not invalidate service. *Cf.* ECF No. 13 at 4 (arguing that FedEx is not a valid "postal channel" under Article 10(a)). "Courts have held . . . that service of documents by international courier constitutes service through 'postal channels'" under the Hague Convention. *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913 (KMK), 2015 WL 3457452, at *10 (S.D.N.Y. June 1, 2015) (citing *Advanced Aerofoil Techs, AG v. Todaro*, No. 11-CV-9505 (ALC), 2012 WL 299959, at *2 (S.D.N.Y. Jan. 31, 2012); *Casio Comput. Co., Ltd. v. Sayo*, No. 98–CV–3772 (WK), 2000 WL 1877516, at *28 (S.D.N.Y. Oct. 13, 2000)). This District's Clerk of Court also expressly identifies FedEx as a preferred method of serving process upon a foreign defendant. *See* ECF No. 14-7 at 4 ("The Clerk of Court strongly recommends the use of Federal Express (FedEx) or DHL Worldwide Express (DHL) . . . ."); *see also Clerk's Office Foreign Mailing Instructions*, available at: https://www.nysd.uscourts.gov/sites/default/files/2024-12/Foreign_MailingInstructions_Dec.%202024.pdf.

Nor was service improper because Cox was not home and did not sign for the delivery when it arrived. Under the Federal Rules of Civil Procedure, parties must prove service was effectuated pursuant to Rule 4(f)(1) "as provided in the applicable treaty or convention." Fed. R. Civ. P. 4(l)(2)(A). The Hague Convention says nothing about conditioning delivery upon the signature of the recipient or addressee. *See* Hague Convention. Moreover, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3). Besides, here, there is no real dispute about whether or not the Initiating Documents were actually delivered; Cox only attempts to escape on a technicality. *See* Mot. at 2–3. Cox acknowledges that his wife received the package. Cox Decl. ¶¶ 5–8. Cox concedes that the Initiating Documents were ultimately delivered to him. *Id.* ¶ 5. And the delivery *was* signed—albeit by "R.ROBERT." ECF No. 9 at 3. Altogether, these concessions are more than enough support to conclude that service was proper. *See SEC v. Glob. Inv. Strategy UK Ltd.,* No. 20-CV-10838 (AKH), 2021 WL 4896127, at *2 (S.D.N.Y. Oct. 19, 2021) ("Courts have held that service made via registered mail, to a defendant's last known address is sufficient."); *Pesic v. Mauritius Int'l Arb. Ctr. Ltd.,* No. 23-CV-1100 (JMF), 2024 WL 1055041, at *2 (S.D.N.Y. Feb. 6, 2024) ("The problem is not the absence of an electronic copy of the recipient's signature on the DHL Proof of Delivery.").

Finally, "[c]ourts in the Second Circuit have exercised discretion to deem service of process properly perfected when a litigant makes a good faith effort to comply with the service requirements of the Hague Convention." *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 21-CV-11003 (LTS), 2023 WL 5609205, at *5 (S.D.N.Y. Aug. 30, 2023); *see Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005) (explaining that "failure to comply strictly with the Hague Convention is not automatically fatal to effective service" because the Hague Convention, read together with Rule 4, "stresses actual notice, rather than strict formalism"). "The purpose of the

Hague Convention 'is to simplify, standardize, and generally improve the process of serving documents abroad.'" *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 216 (S.D.N.Y. 2021) (quoting *Water Splash, Inc*, 581 U.S. at 273). Here, it is clear that Plaintiffs made a good faith effort to comply with the service requirements of the Hague Convention—and it is clear that Cox was sufficiently put on notice about this action. Further delay would not serve the interests of justice.

Accordingly, there is no reason for the Court to reconsider its original determination that service was proper. *See* ECF No. 15.

**II. Cox's Remaining Arguments Are Irrelevant**

In addition to his main argument about the absent signature, Cox also raises concerns about not receiving other documents, Mot. at 3–4, and seeks additional "clarification" on "the service issues described above," *id.* at 5. These arguments have no bearing on this decision, which necessarily only implicates the Initiating Documents. The Court continues to make sure that Cox receives all case filings. *See* ECF No. 25. And Cox is obligated to ensure that the Court has his current contact information so that he can timely receive any filings.

**CONCLUSION**

Accordingly, for the reasons stated above, Cox's Motion for Reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 34. By separate order, the Court will refer the parties to Magistrate Judge Reznik for discovery.

Dated: August 3, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge