UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWN WARREN and ADAM SALGADO,
Plaintiffs,

-against-

ROBERT COX, TALK OF THE SOUND, and WORDS IN EDGEWISE,
Defendants.

25-CV-6384 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiffs' motion for default judgment. ECF No. 49. For the reasons set forth herein, Plaintiffs' motion is DENIED.

**BACKGROUND**

On August 4, 2025, Plaintiffs Dawn Warren and Adam Salgado brought this action against Defendants Robert Cox ("Cox"), Talk of the Sound, and Words in Edgewise alleging defamation per se. ECF No. 1. Defendants were served with the Complaint on August 8, 2025. ECF No. 9. On August 24, 2025, Defendant Cox wrote to the Court to quash the service of process. ECF No. 13. On October 8, 2025, the Court denied Defendant Cox's motion to quash service of process. ECF No. 15.

On October 28, 2025, the Clerk of Court issued a Certificate of Default against Defendants. ECF No. 20. On November 4, 2025, Defendant Cox moved for reconsideration of the Court's order denying his motion to quash service of process. ECF No. 22. On November 21, 2025, the Court directed Defendant Cox to first move to vacate the entry of default before it could adjudicate his motion for reconsideration. ECF No. 24. On January 20, 2026, Defendant Cox moved to vacate the entry of default against all Defendants. ECF No. 26. On February 12, 2026, the Court granted Defendant Cox's motion to vacate the entry of default. ECF No. 31.

Thereafter, the parties briefed Defendants' motion for reconsideration, *see* ECF Nos. 34 and 35, and the Court denied the motion. ECF No. 40. The Court further referred this matter to Magistrate Judge Reznik for scheduling, discovery, non-dispositive pretrial motions, and settlement. ECF No. 41.

On August 31, 2026, Plaintiffs sought a Certificate of Default against Defendants on the basis that after the Court denied Defendant Cox's motion for reconsideration on August 3, 2026, Defendants were to respond to the Complaint by August 17, 2026, yet failed to do so. ECF No. 46 at 2. On September 2, 2026, the Clerk of Court again issued a Certificate of Default against Defendants. ECF No. 47. On September 15, 2026, Defendant Cox wrote to the Court that because he is not registered in the Electronic Case Files ("ECF") system and receives Court communications by mail to his address in Ireland, he did not receive notice of the Court's denial of his motion for reconsideration until he received Plaintiffs' papers seeking a Certificate of Default. ECF No. 48. Defendant Cox communicated the same to Plaintiffs' counsel. *See* ECF No. 60 at 2. Defendant Cox requested that the Court decline the entry of a default based on any failure to respond arising out of the Court's denial of Defendant's motion for reconsideration. ECF No. 48 at 3.

On September 18, 2026, Plaintiffs moved for default judgment. ECF No. 49. On October 1, 2026, a letter from Defendant Cox was filed restating that he had not received any documents or communications from the Court since March 2026, and that he had not received Plaintiff's motion for default judgment and the September 2, 2026, Certificate of Default until September 23, 2026. ECF No. 59.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." In determining whether a defendant has demonstrated "good cause" to vacate an entry of default under Rule 55(c), "a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted." *Gadre v. Hexanika, Inc.*, No. 21-CV-11221 (JPO), 2023 WL 2569882, at *2 (S.D.N.Y. Mar. 20, 2023) (citing *W.B. David & Co. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013)). "It is well established that default judgments are disfavored" and that the Second Circuit has expressed a "clear preference . . . for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Accordingly, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Although the decision to enter a default judgment remains within "the sound discretion of the district court," *id.*, that "discretion has been characterized as circumscribed, as defaults are generally disfavored and are reserved for rare occasions." *Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196 (KMK), 2022 WL 1266209, at *3 (S.D.N.Y. Apr. 28, 2022) (cleaned up). This is particularly so "when the defaulting party is appearing *pro se*." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[C]oncerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se.").

## DISCUSSION

Because the circumstances of this case remain largely unchanged since the Court granted Defendants' motion to vacate the entry of default, the Court adopts and incorporates its earlier

analysis of the existence of a meritorious defense to the defaulted claims and the level of prejudice Plaintiffs might suffer should relief be granted. *See* ECF No. 31 at 5–7. The Court therefore will determine whether Defendants' most recent default was willful, and finds that it was not.

The Second Circuit interprets willfulness, "in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). "Default may be considered 'willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.'" *Gadre*, 2023 WL 2569882, at *2 (quoting *McNulty*, 137 F.3d at 738). "Even gross negligence does not lead to a finding of willfulness." *Fischer v. Forrest*, No. 14-CV-1307 (PAE), 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2024).

Defendants' failure to respond and resulting default does not appear to have been willful. Defendant Cox, on behalf of all Defendants, explained that any default arising in this case was due to him not receiving communications from the Court since March 2026, including notice of the Court's denial of his motion for reconsideration. To this end, Defendant Cox stated that he was not aware of the Court's denial, and thus his obligation to respond to the Complaint, until September 15, 2026, when he received and reviewed the papers related to Plaintiffs' second request for a Certificate of Default. To be sure, Defendant Cox has conceded that he was made aware of the Court's denial of his motion for reconsideration through PACER. *See* ECF No. 60. But Plaintiff's unawareness of his duty to answer the Complaint for some time suggests negligence, not willfulness. *See, e.g.*, *Diakuhara*, 10 F.3d at 96 (courts may consider "whether the failure to follow a rule of procedure was a mistake made in good faith" in determining whether to set aside an entry of default); *Garcia v. Lopez*, 15-CV-5178 (PGG), 2016 WL 11642665, at *2 (S.D.N.Y. Aug. 19, 2016) (no willfulness where the pro se defendant

"misunderstood the import of the Complaint and his obligations with respect to it"); *King Vision Pay Per View v. Esposito*, No. 1-CV-9781(RWS), 2002 WL 31413806, at *1 (S.D.N.Y. Oct. 24, 2002) (no willfulness where the pro se defendant was told that he did not have to appear at hearing on default motion but did not realize he needed to oppose the complaint and motion for default judgment).

Moreover, upon receiving Plaintiffs' papers seeking entry of default, which stated that Defendants were in default for failure to timely respond to the Complaint after the denial of the motion for reconsideration, *see* ECF No. 47 at 2, Defendant Cox promptly wrote to the Court opposing an entry of default and requesting permission to make a response. Accordingly, it is clear that Defendant Cox "was not willing to forfeit his rights." *Diakuhara*, 10 F.3d at 98; *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful."). Given Defendant Cox's engagement with this litigation as he has been made aware of the Court's orders and Plaintiffs' filings by mail, the Court concludes that Defendants' second default was not willful. Therefore, the Court vacates the entry of default and denies Plaintiffs' motion for default judgment.

Because the Court sets aside Defendant Cox's default, the Court also sets aside the defaults of Defendants Talk of the Sound and Words in Edgewise. Default judgment is inappropriate where it "could result in inconsistent outcomes for similarly situated defendants." *El Omari v. Buchanan*, No. 20-CV-2601 (VM), 2021 WL 465431, at *3 (S.D.N.Y. Feb. 9, 2021). Here, "[t]he Court finds a significant risk of inconsistent results" should it grant Plaintiff's motion for default judgment. *City of Almaty v. Sater*, No. 19-CV-2645 (AJN), 2021 WL 4340541, at *2 (S.D.N.Y. Sept. 23, 2021). For instance, there may be inconsistent adjudications if the

Court awards default judgment as to Defendants Talk of the Sound and Words in Edgewise but later dismisses the same claims on the merits against Defendant Cox based on a defense that applies equally to all Defendants. *HSBC Bank USA, N.A. v. Torres*, No. 25-CV-2740-JGLC-VR, 2026 WL 3063417, at *4 (S.D.N.Y. Sept. 22, 2026), *report and recommendation adopted*, 2026 WL 3063216 (S.D.N.Y. Oct. 13, 2026) (citing *Moore v. Booth*, 122 F.4th 61, 63 (2d Cir. 2024)). Therefore, because default judgment would be premature as to Defendants Talk of the Sound and Words in Edgewise, Plaintiffs' motion for default judgment is DENIED in its entirety.

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion for default judgment is DENIED. The entry of default (ECF No. 47) is set aside as to all Defendants.

Within seven (7) days of receipt of this Order, Defendant Cox shall file: (1) a Consent to Electronic Service to receive notification by email of all filings in this action and (2) a Motion for Permission for Electronic Case Filing to file documents electronically. Instructions for this electronic service option are available here.

Within three weeks of receipt of this Order, Defendants shall file a response to the Complaint.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendants. The Court will also email this Order to Defendant Cox at robertcox@talkofthesound.com. The Court will copy all counsel on its email.

The Clerk of Court is respectfully directed to terminate ECF No. 49.

Dated: November 4, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge